# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MISSOURI – EASTERN DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY as assignee of Terence Block and Susan Block,<br><br>Plaintiff,<br><br>v.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION d/b/a CHASE PARK PLAZA ROYAL SONESTA, and DAVID KOHLASCH,<br><br>Defendants. | Case No. 4:19-cv-1934<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT AND JURY DEMAND**

### **PARTIES**

COMES NOW Chubb National Insurance Company ("Chubb" or "Plaintiff"), by and through its attorneys, Matthew G. Koehler and Brown & James, P.C., and for its Complaint against Defendants Sonesta International Hotels Corporation d/b/a Chase Park Plaza Royal Sonesta and David Kohlasch, states:

1.  Plaintiff Chubb National Insurance Company ("Chubb"), proceeding as assignee of Terence and Susan Block, is an Indiana corporation with a principal place of business located at 202B Halls Mill Road, Whitehouse Station, New Jersey.

2. Defendant Sonesta International Hotels Corporation ("Sonesta") d/b/a Chase Park Plaza Royal Sonesta ("CPPRS"), is a Maryland corporation with a principal place of business located at Two Newton Place, 255 Washington Street, Suite 300, Newton, Massachusetts.

3. Upon information and belief, at all times material hereto, Sonesta owned, operated, possessed, maintained, controlled, and/or managed CPPRS, a hotel located at 212 North Kingshighway Blvd., St. Louis, Missouri 63108.

4. Defendant David Kohlasch ("Kohlasch") is an individual who, at all times material hereto, was the general manager for CPPRS. Upon information and belief, Kohlasch currently resides in Montgomery, New York 12549, and is the General Manager of the Kartrite Hotel, located at 555 Resorts World Drive, Monticello, New York 12701.

## JURISDICTION AND VENUE

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Chubb, Sonesta and Kohlasch are citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has jurisdiction over Sonesta because it regularly conducts business in St. Louis and the incident at issue arose from its contacts within this jurisdiction.

7. This Court has jurisdiction over Kohlasch because the incident at issue arose while he was the General Manager for the CPPRS and resided in Missouri, and the incident at issue arose from his contacts within this jurisdiction.

8. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391 and E.D. Mo. L.R. 3-207(B) because the incident at issue occurred in St. Louis, Missouri.

**FACTS**

9. Chubb's insureds, Terence and Susan Block, own and occupy condominium Units 1701 and 1801 located at 232 North Kingshighway Blvd., St. Louis, Missouri.

10. The Block condominium units are part of the condominium complex known as The Private Residences at Chase Park Plaza ("Private Residences").

11. The Private Residences are part of a complex that includes the hotel owned, operated, possessed, maintained, controlled, and/or managed by Sonesta and known as CPPRS.

12. The Private Residences are part of the Park Plaza Condominium Association. ("Condominium Association").

13. The hotel and the Private Residences are part of the Park Plaza Master Condominium Association.

14. The terraces outside of the residential condominium units are Master Common Elements.

15. Sonesta, voluntarily or pursuant to a contract or agreement, provided inspection and maintenance services for the terraces of the residential condominium units, including the drains.

16. Sonesta's services included cleaning all terrace drains, including the terrace drain outside Unit 1901, every 30 days.



Unit 1901 Terrace Drain

17. The Condominium Association paid for the services Sonesta provided, including the management and/or maintenance fees and/or expenses associated with cleaning the terrace drains.

18. As part of his duties as the General Manager for CPPRS, Kohlasch was responsible for ensuring that all terrace drains, including the terrace drain outside Unit 1901, were cleaned.

19. Sonesta, acting through its agents, servants, subcontractors, and/or employees, cleaned the terrace drains, including the terrace drain outside Unit 1901, in late November/early December of 2017.

20. Because of neglect and/or oversight, Kohlasch failed to ensure that the terrace drains, including the terrace drain outside Unit 1901, were cleaned after late November/early December of 2017.

21. Because of neglect and/or oversight, Sonesta failed to clean the terrace drains, including the terrace drain outside Unit 1901, after late November/early December of 2017.

22. The Board brought the situation to Kohlasch's attention. He represented that "he would get to it" but never did.

23. Heavy rain impacted the St. Louis area on February 24, 2018.

24. The Unit 1901 terrace drain was covered with leaves and other debris, and therefore not fully functional, when the heavy rain impacted the area on February 24, 2018.

25. Because Kohlasch failed to assign someone to clean the terrace drain outside Unit 1901 as agreed and required, the terrace roof flooded causing water to flow into and damage the Block condominium units below.

26. Because Sonesta failed to clean the terrace drain outside Unit 1901 as agreed and required, the terrace roof flooded causing water to flow into and damage the Block condominium units below.



27. The Block condominium units would not have suffered any water infiltration damage had Kohlasch ensured that the terrace drain outside Unit 1901 was cleaned as agreed and required.

28. The Block condominium units would not have suffered any water infiltration damage had Sonesta cleaned the terrace drain outside Unit 1901 as agreed and required.

29. Chubb provided condominium insurance to the Blocks.

30. The Blocks submitted a claim to Chubb seeking recovery of their losses. Chubb honored the claim and paid the Blocks $1,206,359.77.

31. The Blocks assigned their rights against third parties to Chubb.

## COUNT - NEGLIGENCE - SONESTA

32. Chubb incorporates the preceding paragraphs as if set forth at length.

33. Sonesta owed the Blocks a duty to exercise due and reasonable care in providing services at the site. This including terrace drain cleaning every thirty days.

34. Sonesta knew or should have known that cleaning the terrace drains at thirty day intervals was necessary to prevent damage to condominium owners.

35. Sonesta knew or should have known that if it failed to clean the terrace drains on a timely basis, water would overflow the terraces and damage the condominiums below.

36. Sonesta, acting through its agents, servants, subcontractors, and/or employees, breached the duty of care it owed to the Blocks by:

    (a) Failing to properly clean the terrace drains, including the terrace drain outside Unit 1901, in late November/early December 2017;

    (b) Failing to exercise reasonable care in scheduling terrace drain cleanings after late November/early December 2017;

    (c)    Failing to exercise reasonable care to ensure proper staffing was available to perform terrace drain cleanings after late November/early December 2017;

    (d)    Failing to exercise reasonable care to ensure that terrace drains were cleaned at thirty day intervals;

    (e)    Failing to clean the terrace drain outside Unit 1901 after late November/early December 2017; and

    (f)    Failing to otherwise exercise due and reasonable care under the circumstances.

37. Sonesta's negligent acts and/or omissions were a direct and proximate cause of the flooding and resulting damage in the Block condominium units.

38. The Blocks suffered damage to their personal property, fixtures, and/or alterations as well as extra expenses such as temporary living expenses, water mitigation services, cleaning fees, debris removal, and inspection and/or testing services as a result of the flooding.

39. Chubb paid the Blocks $1,206,359.77 for the damage sustained.

WHEREFORE, Chubb, as assignee of the Blocks, requests that the Court enter judgment in its favor and against Sonesta International Hotels Corporation d/b/a Chase Park Plaza Royal Sonesta in the amount of $1,206,359.77, pre and post judgment interest, costs, and such other relief as the Court deems equitable and just.

-8-

## COUNT II - NEGLIGENCE - KOHLASCH

40. Chubb incorporates the preceding paragraphs as if set forth at length.

41. Kohlasch owed the Blocks a duty to exercise due and reasonable care in providing services at the site. This duty included terrace drain cleaning every thirty days.

42. Kohlasch knew or should have known that cleaning the terrace drains at thirty day intervals was necessary to prevent damage to condominium owners.

43. Kohlasch assumed a duty – gratuitously and/or for compensation - to ensure that the terrace drains were cleaned.

44. Kohlasch knew or should have known that if he failed to ensure that the terrace drains were cleaned on a timely basis, water would overflow the terraces and damage the condominiums below.

45. Kohlasch breached the duty of care he owed to the Blocks by:

(a) Failing to ensure that the terrace drains, including the terrace drain outside Unit 1901, were properly cleaned in late November/early December 2017;

(b) Failing to exercise reasonable care in scheduling terrace drain cleanings after late November/early December 2017;

  (c) Failing to exercise reasonable care to ensure proper staffing was available to perform terrace drain cleanings after late November/early December 2017;

  (d) Failing to exercise reasonable care to ensure that terrace drains were cleaned at thirty day intervals;

  (e) Failing to ensure that the terrace drain outside Unit 1901 was properly cleaned after late November/early December 2017; and

  (f) Failing to otherwise exercise due and reasonable care under the circumstances.

46. Kohlasch's negligent acts and/or omissions were a direct and proximate cause of the flooding and resulting damage in the Block condominium units.

47. The Blocks suffered damage to their personal property, fixtures, and/or alterations as well as extra expenses such as temporary living expenses, water mitigation services, cleaning fees, debris removal, and inspection and/or testing services as a result of the flooding.

48. Chubb paid the Blocks $1,206,359.77 for the damage sustained.

WHEREFORE, Chubb, as assignee of the Blocks, requests that the Court enter judgment in its favor and against David Kohlasch in the amount of $1,206,359.77, pre and post judgment interest, costs, and such other relief as the Court deems equitable and just.

## **JURY DEMAND**

Chubb respectfully requests a trial by jury.

> Respectfully submitted,
>
> BROWN & JAMES, P.C.
>
>   /s/ *Matthew G. Koehler*
> _____
> Matthew G. Koehler, MO #48760
> 800 Market Street, Suite 1100
> St. Louis, Missouri 63101
> Phone: (314) 421-3400
> Fax: (314) 421-3128
> mkoehler@bjpc.com
> ***Attorneys for Plaintiff Chubb National Insurance Company***